The Honorable Mike Huckabee Lieutenant Governor State Capitol, Suite 270 Little Rock, Arkansas 72201
Dear Lieutenant Governor Huckabee:
This is in response to your request for an opinion on a follow-up question to those posed in Op. Att'y Gen. 94-101, regarding the constitutionality of state agencies entering into "energy management performance contracts" in the form of lease-purchase agreements. That opinion concluded that at least some such contracts, depending, of course, on the particular facts and provisions surrounding the transaction, might be subject to challenge under Amendment 20 to the Arkansas Constitution unless they were "truly terminable" each biennium, or structured under Amendment 65 as "revenue bonds" and paid for with other than tax dollars. You have now suggested some substitute language to be inserted in the contract at issue in Opinion 94-101, and ask whether this substitute language would render the contract constitutionally sound. Specifically, you suggest that the "substitute language in the existing non-appropriations contract would then read:"
 TERMINATION ON ACCOUNT OF NON-APPROPRIATION OF FUNDS. The customer shall have the right to terminate this agreement at the end of each budget period during the term of this agreement. At such time the customer shall have the right to purchase the equipment at its fair market value at the time of termination or to return the equipment without further obligation.
I am unable to opine that the mere recitation of this language in a contract would render it constitutionally permissible. As was stated in Opinion 94-101, ". . . the presence of . . . a truly terminable biannual contract, would, of course, have to be determined on a case-by-case basis with all the relevant factors considered." In my opinion the substituted language would have to be read in conjunction with all other provisions of the contract in order to determine whether the contract affords an "escape hatch" sufficient to obviate the existence of a "pledge" of revenues for purposes of Amendment 20 analysis. A determination with regard to a particular contract would have to be made by a factfinder. This office is neither equipped nor empowered as a factfinder for purposes of issuing official opinions. The legality or constitutionality of particular contracts must be determined by agency counsel, and ultimately by a court presented with all the facts and evidence.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh